## Theron J. Dyke, Appellant, v. Milton E. Petty et al., Appellees.

### Gen. No. 21,319.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 28, 1916. Rehearing denied April 10, 1916.

### Statement of the Case.

Proceedings on motion by Milton E. Petty, Henry E. Petty and John McFeely to vacate a judgment taken against them by default in favor of Theron J. Dyke, plaintiff. From an order vacating such judgment, plaintiff appeals.

The order was based on a motion in writing made at a subsequent term in behalf of said Milton E. Petty to correct an alleged error in fact, under section 89 of the Practice Act (J. & A. ¶ 8626). The basis of the proceeding was the contention that said Petty was mentally incapacitated when served with summons and remained so until after judgment. The request of plaintiff for an oral hearing was denied, and the hearing was had on affidavits.

There were two affidavits in support of the motion and two counter affidavits. The former were by physicians, who attended on said Petty in the period referred to, and contained positive, unqualified averments that he was then wholly irresponsible and mentally incapacitated. The counter affidavits were, one by the deputy sheriff, who expressed a contrary opinion, and one by plaintiff's counsel containing matter almost entirely hearsay in character.

EDWARD MARSHALL, for appellant.

No appearance for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 280*—*when court does not abuse its discretion in refusing oral hearing on motion to vacate.* While on a motion to vacate a judgment on account of mental incapacity of one of the defendants, an oral hearing may be had in the discretion of the court under the Practice Act, Hurd's Rev. St., ch. 110, sec. 89 (J. & A. ¶ 8626) *held* that there was no abuse of discretion in denying the request and holding the hearing on affidavit.

2. JUDGMENT, § 295*—*when order vacating judgment not disturbed for failure to include formal finding of fact.* Where an order to vacate a judgment, on the ground that one of the defendants thereto is mentally incapacitated, does not include an express finding of fact, but the issue of such defendant's mental incapacity is the only one raised, and the order is justified by affidavits of persons most capable of judging of mental conditions, it will not be disturbed because of such informality.