Emma    Conard,    Appellant,    v.    Jennie    Camphouse,
Appellee.

Gen. No. 28,001.

DEFAULTS—*mental disability from illness not grounds for setting aside judgment by default.* Illness of the defendant resulting from cancer, attendant with impairment of memory and general physical and mental disability, which caused defendant to forget the proceedings against her after an authorized appearance had been made in her behalf by one who was not an attorney, is not grounds for setting aside, under Practice Act, sec. 89, Cahill's Ill. St. ch. 110, ¶ 89, a judgment entered against defendant, nor did such condition relieve her from the duty of diligence.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed and remanded with directions. Opinion filed October 17, 1923.

WILLIAM N. BRADY, for appellant.

RABER, KOSTNER, HERR & ARVEY, for appellee; NAT M. KAHN, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

June 15, 1920, Emma Conard, plaintiff, brought an action of trespass on the case against Jennie Camphouse, defendant, for injuries she alleged she suffered from being attacked by a vicious dog owned by the defendant. On June 18, 1920, summons was served on the defendant, and on August 16, 1920, the return day, her appearance was entered in the name of one Harry L. Beve, who was not an attorney at law. The appearance stated no address at which notices could be served on the defendant.

A declaration was filed and charged, among other things, that the defendant on December 4, 1919,

wrongfully and knowingly kept a vicious and ferocious dog which had been accustomed to attacking and biting people, and that, on the day mentioned, the dog attacked and attempted to bite the plaintiff and as a result she was thrown to the ground and one of her legs broken, etc. The *ad damnum* was placed at $5,000.

The defendant filed no plea, and on May 12, 1922, on motion of the attorney of the plaintiff, it was ordered that the default of the defendant be entered of record for want of a plea filed in said cause. There was then a reference to a jury to assess the damages, and a verdict and judgment for the plaintiff in the sum of $1,251.

On July 5, 1922, after the expiration of the term, a motion was made for the defendant under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], and an affidavit presented in support of it. That motion asked that the judgment of May 12, 1922, be deemed null and void and that she be permitted to plead.

The affidavit sets up, substantially, the following: That she was served with the summons on August 16, 1920, and authorized Harry L. Beve, a member of her household but not an attorney at law, to enter her appearance but to do no further act in her behalf; that prior to the time she was served with summons in this cause, she had contracted a serious, cancerous growth of a breast and that from the time she so contracted said illness until the present time, the pain and discomfort caused thereby has been so great that she has been unable to attend to the ordinary duties of her household; that she has been unable to manage her ordinary affairs, has been unable to sleep regularly, and that the pain and discomfort caused by said illness has not only been physical but has also been mental and has caused her memory to be greatly impaired, and that as a result of said

illness, which commenced prior to the time she was served with summons in the said cause until the 6th day of June, A. D. 1922, her memory as to any proceedings herein had been completely obliterated and that she therefore failed to follow said proceedings; that had all her mental faculties been unimpaired and had she not thereby failed to follow said cause, she would nevertheless not have employed an attorney to defend said suit and would have defended said suit without counsel as the plaintiff's cause of action was and is entirely fictitious and without any foundation in fact and that she would have and has ample proof thereof; that at the time the cause was called for trial and the order of default entered for failure to plead, she was entirely ignorant, because of her mental condition, as to such proceedings, and did not learn of them until on or about June 6, 1922, when she was served with a writ of execution; that upon service of that writ she thereupon remembered the pendency of the suit and immediately employed counsel for the purpose of protecting her rights; that she was not guilty of the trespass; that a certain dog was kept by other persons on the premises, but not by her; that it did not attack or attempt to bite the plaintiff at any time so that she was injured.

The plaintiff filed a general demurrer, and on July 15, 1922, the trial judge overruled the demurrer, and the plaintiff, electing the stand by her demurrer, entered an order setting aside the judgment as null and void. From that order this appeal was taken.

It is contended for the plaintiff that no error of fact covered by section 89 of the Practice Act [Cahill's Ill. St., ch. 110, ¶ 89] was shown, and, also, that there is no showing of sufficient diligence on the defendant's part.

On the other hand, for the defendant, it is claimed that her mental condition at the time of the trial, as stated in her affidavit, was sufficient to justify the

action of the trial judge. The motion to set aside a judgment after the term, is one of very serious import. If treated lightly, it threatens the stability of the courts. As a basis for such a motion, the statute prescribes fraud, accident or mistake. Here, illness, the result of cancer, the impairment of her memory, and general physical and mental disability do not seem to come within any reasonable connotation of the words of the statute. Further, the trial decided, impliedly at least, that she had been duly served with process, and that she had entered her appearance and was *compos mentis*. The fact that she was ill would be pertinent on a motion for a continuance while the cause was *lis pendens*. After trial and judgment, however, it is irrelevant. It may be a very persuasive plea for indulgence but it has no legal import as to justify setting aside a judgment under section 89. As to the diligence which the law requires, that element is involved in the matter of her alleged physical and mental incapacity, and so need not be separately considered. In *Shaffer v. Sutton*, 49 Ill. 506, the court said: "The fact that a party defendant is sick and unable to attend the court to which he has been summoned does not relieve him from the duty of diligence." *Clark v. Ewing*, 93 Ill. 572.

In *Dyke v. Petty*, 198 Ill. App. 414, the affidavit was by the defendant's physician that the defendant, at the time of service, was "wholly irresponsible and mentally incapacitated."

The order of the trial judge, overruling the demurrer and declaring the judgment null and void, will be reversed and the cause remanded with directions to overrule the demurrer, deny the motion and reinstate the original judgment in favor of the plaintiff, and the cause remanded with directions to reinstate the original judgment.

*Reversed and remanded with directions.*

O'CONNOR, J., and THOMSON, J., concur.