Baird & Warner, Inc., Appellant, v. Julius Roble et al., Appellees.

Gen. No. 32,725.

Opinion filed October 11, 1928.

McNab, Holmes & Long, for appellant.

Harry O. and Magnus B. Rosenberg, for appellees; Magnus B. Rosenberg and Charles O. Parker, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

This appeal is from an order vacating and setting aside a judgment against defendants upon a motion in the nature of a writ of error *coram nobis* under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89.

Defendants had appeared on July 21, 1925, by their attorney, one Legg, and filed a plea to the declaration,

supported by an affidavit of meritorious defense. The cause came on for trial at the September term, 1927, and defendants not appearing in person or by counsel, a jury was impaneled *ex parte* and the judgment in question was entered on its verdict.

The grounds of the motion to vacate the judgment, as supported by affidavits, were that Legg at and just prior to the time of the trial was suffering from "a certain nervous disease complicated with mental disorders known to physicians as neuropsychosis," by reason whereof his mental faculties became impaired and his mind unsound and he was wholly irresponsible and mentally incapacitated and unable to realize the status of the case or to follow its progress on the trial call, by reason whereof he failed to attend the trial and present the defense, and that defendants were unaware of his said condition or of the entry of the judgment until served at a subsequent term of court with an execution issued on said judgment.

Issue was taken and oral testimony heard on these alleged facts.

Without analyzing the evidence heard, it is sufficient to say that it supports the grounds upon which the motion is based. It is not contended that Legg was actually insane, but, as the evidence shows, that his mental incapacity had become such at the time of the trial as to render him incapable of comprehending his legal duties and the necessity of caring for defendants' interests.

But we deem it unnecessary to draw a distinction between such a condition of mind and insanity, for we regard it as such a disability as brings the case within the recognized scope of said section 89, Cahill's St. ch. 110, ¶ 89 (*Pisa v. Rezek,* 206 Ill. 344; *Consolidated Coal Co. of St. Louis v. Oeltjen,* 189 Ill. 85; *Dyke v. Petty,* 198 Ill. App. 414), and may be classified as an excusable state of fact without negligence on the part of either defendants or their attorney. Negligence

could not be chargeable to the former without knowledge of his state of mind, nor to the latter while in that state of mind.

The court had a right to assume, and naturally would, that the failure of defendants to appear, either in person or by their attorney of record, and present their alleged meritorious defense, was due either to neglect or abandonment of the case. Neither was the fact. Such assumption would naturally include the presumption that the attorney was mentally capable of comprehending the situation and his duty in the premises, and so would notify defendants of the approaching trial. Surely had the contrary appeared to the court and the fact of defendants' ignorance thereof it would and should have prevented the court from entering judgment. That defendants did not appear to defend was clearly attributable to an excusable mistake. They had the right to expect that their attorney would attend to the case and notify them when it was reached for trial. His mental condition defeated that expectation and their intention to appear and defend. They were ignorant of it and so was the court. We think it cannot be doubted, therefore, that the court proceeded upon such a mistake as constitutes error in fact, and one that comes within the purview of such proceeding.

It is not a case where the attorney was merely ill or failed through negligence to notify defendants of his condition or of the approaching trial. The essential facts are that defendants were not chargeable with knowledge, directly or through the attorney authorized to act for them, of the fact that the cause was reached for trial, and that the court naturally assumed in the regular course of procedure that they were. We deem it an excusable mistake without negligence.

It has been frequently said that the error in fact which may be assigned under section 89, Cahill's St.

ch. 110, ¶ 89, must be some fact unknown to the court at the time the judgment was rendered, as well as one which would have "precluded" the rendition of the judgment. (*Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *Marabia v. Mary Thompson Hospital of Chicago for Women and Children,* 309 Ill. 147; *Loew v. Krauspe,* 320 Ill. 244.) Appellant construes the word "precluded" as so used to mean lack of jurisdiction. That it is not given such exclusive meaning is manifest from numerous cases where mere misprision of the clerk, which does not deprive the court of jurisdiction, has been held such error in fact as comes within the scope of such a motion. (*Domitski v. American Linseed Co.,* 117 Ill. App. 292, affirmed in 221 Ill. 161; *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516; *Pickett's Heirs v. Legerwood,* 7 Pet. (U. S.) 144, 147; *Butterick Pub. Co. v. Goldfarb,* 242 Ill. App. 228; *Madden v. City of Chicago,* 283 Ill. 165; *Smyth v. Fargo,* 307 Ill. 300.)

We think the order appealed from was properly entered.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.