**Central Cleaners and Dyers, Inc., Appellant, v. Clarence Schild and Nola Schild, Appellees.**

**Gen. No. 38,646.**

Opinion filed March 23, 1936.

BENJAMIN & FRIEDLANDER and FOLLANSBEE, SHOREY & SCHUPP, all of Chicago, for appellant; CLYDE E. SHOREY and GERHARDT S. JERSILD, of Chicago, of counsel.

Francis J. Gariepy and Charles E. Mallon, both of Chicago, for appellees.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal plaintiff seeks to reverse an order vacating a judgment entered in plaintiff's favor and against the defendants, and giving defendants leave to defend the suit on its merits.

The record discloses that on August 29, 1933, there was a collision at a street intersection in Chicago, between a truck owned and operated by plaintiff, and an automobile driven by defendant, Nola Schild, who, plaintiff claimed, was the agent of her husband, the other defendant, Clarence Schild. Three days thereafter, September 1, 1933, plaintiff brought suit against the defendants in the municipal court of Chicago, to recover the damages to its truck claimed to have been occasioned through the negligent operation of the automobile. The summons was returnable at 9:30 a. m. September 13th. The bailiff served the writ on the defendant, Clarence Schild, and his return shows he was unable to find the other defendant, Nola Schild. On the return date of the summons there appears in the record a written appearance of both defendants, signed by William Moran, an attorney, and on that day, an order was entered giving defendants 10 days to file an affidavit of merits, and the case was postponed to September 27th. On September 27th, an order was entered giving defendants leave to file an affidavit of merits instanter, which was accordingly done. The affidavit of merits denied liability and averred that the collision between the truck and the automobile was caused by the negligence of the driver of plaintiff's truck. This affidavit apparently was signed and sworn to by both defendants on September 23, 1933, before Leo C. Moran, a notary public. Thereafter orders were entered postponing the case. The last order set

the cause for hearing on April 5, 1934. On that date the record discloses plaintiff appeared but defendants were absent and were not represented by counsel. The case was heard by the court without a jury and there was a finding and judgment in plaintiff's favor for $128. On May 15, 1934, an execution was issued directed to the bailiff but it had not been returned to the files of the court.

August 19, 1935, defendant Nola Schild, who was represented by counsel other than the counsel who had filed defendants' appearance, served notice on counsel for plaintiff that on the next day she would ask leave to file a motion under section 21 of the Municipal Court Act, or section 72 of the Civil Practice Act, which motion is by statute substituted for the common law writ of error *coram nobis,* and on August 20th, the notice and motion were filed. The motion is verified by Nola Schild and is supported by affidavits of defendant Clarence Schild, and Dr. Walter F. Asche. On the same day, August 20th, the court entered the motion and continued the matter to August 27th, and on the latter date the motion was heard, it was sustained, the judgment vacated as to both defendants, they were given leave to defend, and plaintiff appeals.

On December 15, 1933, which was about four months before the judgment was rendered, Nola Schild brought suit in the superior court of Cook county to recover damages for the injuries claimed to have been sustained by her as a result of the collision between the truck and the automobile, above mentioned. The defendant in that case (plaintiff here) filed the general issue and special pleas. And more than three months after it had obtained judgment in the municipal court against defendants it, by leave of court, filed an additional plea setting up the judgment, and alleging that by reason thereof, the matters in controversy in the personal injury case had been adjudicated. As stated, more than a year after this, defendant Nola Schild, filed

her motion to vacate the judgment and for leave to defend.

We think it obvious that the contest on this appeal is in the nature of a "sham battle" in that either plaintiff or defendants will seek to use such judgment in the personal injury case. While the question is not before us, we might say that in *Clancey v. McBride,* 251 Ill. App. 157, where there was a collision between two automobiles which caused damages to one of the machines and the owner and driver of it received personal injuries, we held that such person could maintain but one suit to recover for damages to the automobile and injuries to the person.

This judgment was reversed by the Supreme Court, 338 Ill. 35, where the court said (p. 41) : "The recovery of a judgment, however, for damage to property is not a bar to a subsequent action to recover damages for injuries to the person."

Plaintiff contends that Judge Dunne of the municipal court, who heard the motion involved in this appeal, was without jurisdiction because the case had been heard and judgment entered before Judge Greer sitting in the municipal court of Chicago, and that such a motion can be heard only by the judge who entered the judgment. No such contention was made on the hearing of the motion before Judge Dunne. It is raised for the first time in this court. But in any event, we think the cases cited by counsel for plaintiff are not in point. In *McGrath & Swanson Const. Co. v. Chicago Rys. Co.,* 252 Ill. App. 476, where a motion was made under section 89 (now section 72) of the Practice Act, we held that a petition for a change of venue from the judge who had entered the judgment and before whom the motion was pending, would not lie; that the judge who rendered the judgment was the judge before whom the motion should be made. All that we held in that case was that a change of venue would not lie where a motion was made under section 72 of the Practice

Act, where it was presented to the judge who rendered the judgment. In the instant case no motion was made for a change of venue, nor was any objection urged that Judge Dunne did not have authority to entertain the motion. It is obvious if the only judge who could hear such motion was the judge who had rendered the judgment, this would result in a denial of justice where the judge, who had rendered the judgment, had died, was absent, or otherwise unable to hear the motion. Moreover, Rule 277 of the municipal court and the note to that rule provide that a motion to open up or vacate a judgment, unless the parties otherwise agree, shall be submitted to the judge by whom the order or decision has been made, excepting that in case of the death or absence of such judge, or his inability to act promptly upon the matter, the motion may be submitted to another judge to whom the same may be assigned by the chief justice for that purpose. And in the note to that rule, it is said, "The propriety of submitting a motion of the character specified in the rule to the judge who has entered the order in question is apparent. But speed in according relief to the party complaining may render it necessary to otherwise provide and the Chief Justice should have the power to exercise the discretion thus given him," and that where a motion to open up or vacate a judgment does not involve a review of the decision of the judge who entered the judgment a motion "to vacate a judgment under Section 21 of the Municipal Court Act . . . may be submitted to any judge of the Court."

The record discloses that Judge Greer, who entered the judgment, was a judge of the "County Court of Christian County, Illinois, holding a branch of the Municipal Court of Chicago, at the request of the Judges of said Municipal Court." And we must assume in the absence of any showing to the contrary, the motion was regularly assigned to Judge Dunne and that he was empowered to hear the motion.

When the motion came on for hearing, a counsel for plaintiff, who then appeared for the first time, moved that the matter be continued on the ground plaintiff was not ready; that the attorney who had entered the appearance of defendants in the municipal court was in California, and counsel had been unable to get in touch with him. This was objected to by counsel for defendants on the ground that plaintiff had neither demurred nor filed an answer to the petition, and after some argument, the motion for continuance was denied. The hearing proceeded and the motion, which was verified by defendant Nola Schild, and the affidavits of her husband and her attending physician which had theretofore been filed with the petition, were considered. The defendants then called two witnesses who testified.

The contention of defendants was that defendant Nola Schild had not employed counsel to represent her, nor had she authorized anyone to do so; that on account of the serious injuries she received in the collision of the truck and automobile, she was mentally incompetent to do so; and that she was mentally incompetent to understand the affidavit of merits which bore her signature.

The record discloses that defendant, Nola Schild, was severely injured in the collision and was immediately taken to the hospital. In the affidavit of her attending physician, in support of the motion, the physician swears that he attended her on August 29th, following the accident and he describes in detail the nature of her injuries; that from the time of the accident to October 1, 1933, he attended her day and night and for eight months thereafter he saw her a number of times; that in his opinion, during the time in question, she was mentally incompetent and unable to transact business of any kind or nature; that she was unable to hold a rational conversation.

Plaintiff called as a witness an adjuster and investigator who testified he called on Mrs. Schild at her home about October 6, 1933, and in the presence of her husband he talked to her about the accident for about two hours; that he wrote down what was said at the time but Mrs. Schild refused to sign the statement on the advice of her attorney. Plaintiff also called Dr. Lamb, whose qualifications as a practicing physician and surgeon were admitted. He testified he made a physical examination of Mrs. Schild in the presence of her attending physician on September 21, 1933, which was two days before she signed the affidavit of merits before the notary public, which set up the defense of her husband and of herself to the case; that she was confined to her bed with bandages on her face and dressings on her neck, and he found an enlargement on both sides of her neck which was ordinarily known as "mumps." He also testified to other matters which he found and that "She was perfectly rational"; that he talked to her about the accident and she told him how it occurred, and gave him some history of an abdominal operation which she had a few years before and that they joked about her having mumps.

The burden was on defendants to prove that she was mentally incompetent at the time. The court found in her favor, and upon a careful consideration of all the evidence, we are unable to say that the finding is against the manifest weight of the evidence. Nor can we say the court erred in refusing to grant plaintiff's motion for a continuance because we think it appears that what plaintiff sought to prove by the testimony of the attorney who had entered defendants' appearance, would throw no light on the question whether she was mentally incompetent at the time the appearance was filed and at the time she signed the affidavit of merits because there was no contention, as we understand it, that the attorney had ever seen Mrs. Schild.

The court, having found Mrs. Schild mentally incompetent to authorize anyone to enter her appearance or to sign the affidavit of merits, was warranted in vacating the judgment and giving defendants leave to defend. *Dyke v. Petty,* 198 Ill. App. 414; *Baird & Warner, Inc. v. Roble,* 250 Ill. App. 255. Nor do we think there was error in the court vacating the judgment as to both defendants, although the motion was made only by one of them. The objection now made was not mentioned in the trial court and cannot be raised here for the first time.

Complaint is also made that the court erred in denying plaintiff leave to file an answer to the motion. The record is somewhat confused on this point. After the matter was on hearing for some time, counsel for plaintiff asked for leave to file an answer which he produced. This was after the court had indicated he would vacate the judgment. The court said the answer should have been filed before the hearing. The motion of counsel for plaintiff, for leave to file the answer, was overruled, the court stating: "Overruled, but I will allow you to file it." The answer was not filed but is incorporated in the report of the proceedings. After the motion was denied, however, plaintiff called witnesses who testified as above stated, so that it had the benefit of a hearing on the matters that were set up in the answer. In these circumstances, plaintiff was not prejudiced.

Nor was the defendant, Mrs. Schild, barred by laches because section 72 of the Civil Practice Act provides that the motion under the statute may be made at any time within five years after the rendition of the final judgment.

The order of the municipal court appealed from is affirmed.

*Order affirmed.*

McSurely, P. J., and Matchett, J., concur.