VIRGINIA NASHLUND *et al.*, Plaintiffs-Appellees, *v.* ESTELLE SABADE, Defendant-Appellant.—(JOHNATHAN F. ROSS, Individually, and as Agent, Servant, Employee of Chicago Transit Authority, *et al.*, Defendants-Appellees.)

First District (2nd Division)    No. 61498

Opinion filed June 1, 1976.

140

Fischel, Kahn, Weinberg & Brusslan, of Chicago (Dan Brusslan and Joel H. Fenchel, of counsel), for appellant.

Irwin Kipnis and Sidney Z. Karasik, both of Chicago, for appellees Virginia Nashlund and David Mark Nashlund.

Norman J. Barry and Joseph P. Della Maria, Jr., both of Chicago (Rothschild, Barry & Myers, of counsel), for appellees Johnathan F. Ross and Chicago Transit Authority.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Sabade (Sabade) appeals from an order under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) The order vacated a previous dismissal of a suit in negligence brought by plaintiffs against defendants. Defendants Chicago Transit Authority and Ross (CTA) support plaintiffs' contention that the vacation was proper.

The following issues are presented for review: (i) whether the grant of plaintiffs' petition is appealable; (ii) whether the prior dismissal was by voluntary nonsuit without right to reinstate, so as to deprive the trial court of jurisdiction to entertain the petition to vacate; (iii) whether Sabade's failure to move to strike the section 72 petition waived any question as to the sufficiency of the petition; and (iv) whether the trial court abused its discretion in granting the petition.

Plaintiffs, by their then attorney, Albert A. DePaolo, filed a complaint on June 29, 1971, in the Third Municipal District of the Circuit Court of Cook County[1] charging that on May 25, 1970, they were injured by defendants' negligence in an accident involving two cars and a bus. Plaintiffs requested $15,000 in damages. The merits of the suit are not before this court.

On October 17, 1972, the Honorable Francis W. Glowacki entered an order granting plaintiffs' motion to dismiss the suit "without prejudice to re-file and without costs." Plaintiffs were at this time represented by attorney John E. Navigato. On October 24, 1972, a complaint was filed in the county department, law division to which Sabade, on November 22, 1972, filed an answer and the affirmative defense of the statute of limitations. Plaintiffs filed no responsive pleading to affirmative defense. On October 11, 1974, attorney David Krasner of the law firm then retained by plaintiffs, filed a verified petition pursuant to section 72, seeking vacation of the dismissal order of October 17, 1972. The petition, based on the attorney's information and belief, alleged that the complaint had been filed by DePaolo; that Navigato had thereafter requested an increase in the ad damnum; and that Navigato then either entered an agreement whereby plaintiffs would take a voluntary nonsuit and refile in the law division of the circuit court with a higher ad damnum with defendants relinquishing the applicable statute of limitations (Ill. Rev. Stat. 1971, ch. 83, par. 15) as a defense, or "erroneously concluded that such an agreement had been entered into." Based on his belief in this agreement, Navigato had, the petition asserted, "permitted" the court to enter its dismissal order and filed a complaint with an increased ad damnum in the Law Division of the First District of the Circuit Court of Cook County.[2] This refiled complaint was, the petition related, answered by the CTA without reference to the statute of limitations, and by Sabade who raised the statute of limitations as an affirmative defense.

Sabade filed a reply alleging the section 72 petition was insufficient as a matter of law in being unsupported by the affidavit of anyone with a knowledge of the facts and inadequate in having failed to allege diligence in filing; that she denied entering into any agreement and asserted the dismissal order had been prepared by Navigato and submitted to the

---

[1] The Circuit Court of Cook County is divided into departments, divisions and districts. The *County* Department is divided into numerous divisions, one of which is the law division which hears civil actions where the amount is in excess of $15,000. The *Municipal* Department is divided into six geographical districts with assignment to hear civil actions for money not in excess of $15,000. General order 1—3(c) and (d), Circuit Court of Cook County, provides for transfer of actions between departments, divisions or districts; and 1—3(b) provides that no action shall be dismissed because of filing in the wrong department, division or district.

[2] We judicially note that the courts of the first district are located in the Civic Center in downtown Chicago and the civil nonjury court of the third district is located at 7166 North Milwaukee Avenue in Niles, Illinois.

judge; that on November 22, 1972, she had filed an answer to the complaint of October 24, 1972, with an affirmative defense of the statute of limitations, and had sent a copy to the plaintiffs; and that the plaintiffs filed their section 72 petition 23 months after they, with diligence, "knew" of the affirmative defense. The reply asked that the petition be denied on its merits. No motion to strike or dismiss the petition was ever filed.

Accompanying the reply was an affidavit of John Fenchel, a member of the firm retained by Sabade at the time of the dismissal. Fenchel averred that Navigato had made a motion to increase damages from $15,000 to $250,000; that Fenchel had objected; that the judge told Navigato he would deny the motion; that Navigato said he would take a nonsuit and file a new suit in the county department and thereafter prepared the order; and that no agreement of any kind was effected, nor had any conversation transpired from which Navigato could have concluded an agreement.

Also accompanying the reply is a copy of Sabade's answer to the refiled complaint. On the first page appears the title, "ANSWER," with no statement that the document contains an affirmative defense. On the second page of the "answer," under separate title, the final paragraph asserts the applicable statute of limitations as an affirmative defense.

At the hearing on plaintiffs' section 72 petition, the following was adduced. On October 17, 1972, a pretrial conference was had in the chambers of Judge Glowacki. Navigato testified he requested an increase in the ad damnum based on more severe medical complaints which plaintiff had developed; and that Fenchel objected to this request because there was not sufficient time to investigate these complaints before trial and for other reasons. Navigato stated the suggestion "came up," and he assumed it was his suggestion, that he dismiss the case and refile it in the first district. No question existed in his mind when he left the judge's chambers that an agreement had been entered into allowing him to refile, although he did not recall at the hearing that the specific question of waiver of the statute of limitations arose at the conference. Navigato admitted he had prepared the order and submitted it to Judge Glowacki; that he had received a copy of Sabade's answer to the refiled complaint on or about November 22, 1972; and that he had not read the answer "in toto" until September or October of 1974 when attorney Krasner, of the firm then representing plaintiffs, telephoned him. Navigato asserted he had withdrawn from the case four to five months after the case was refiled in October 1972.

Ronald Bartkowicz, attorney for the CTA and Ross at the time of the dismissal, testified to reasons why he did not believe he was present at the October 17 conference. Bartkowicz concluded, from prior continuances and pretrial conferences, that all the attorneys involved would have felt a

lot better with having the case postponed or transferred to the first district for convenience rather than having to try it in the third district. Bartkowicz did not recall any discussion about waiver of the statute of limitations in these prior conferences; and that he was under the impression, at the time of the dismissal, that a plaintiff could take a voluntary nonsuit and refile his suit without bringing the statute of limitations into play. Another CTA attorney wrote the CTA's answer to the refiled suit after discussing the case with Bartkowicz.

John Fenchel testified that, when Navigato first raised the prospect of increasing the ad damnum, he objected on the grounds that such increase was factually unsupported, would unfairly complicate the discovery, and would delay the proceedings; that a Mayo Clinic report, received after the increased ad damnum was proposed, diagnosed the basis for the requested increase—an alleged connection between a blood disease and the accident—as "speculative at best"; that there was inadequate insurance coverage to protect against the claim; and that on October 17 the trial court told Navigato that it would deny the motion if pursued, whereupon Navigato decided he would dismiss the complaint and refile it. Fenchel testified that he believed at the time of the conference that Navigato could so dismiss his case without bringing the statute of limitations into play; that he in no way agreed to waive the statute but admitted he did not object to the use of the words "without prejudice to refile" in the order prepared by Navigato, although he understood this to mean plaintiffs had a right to refile because he believed the law allowed such a refiling after a voluntary nonsuit.

The trial court stated, based on its recollection and the evidence adduced, that, if there was not an explicit agreement, there was at least a tacit agreement or understanding among the attorneys that the matter would not end with the dismissal; that it believed at the time of the hearing that the taking of a nonsuit did not bring the statute of limitations into play; that the order had to be vacated to prevent unfairness and prejudice and stated the action was wrongly labeled as a voluntary nonsuit when it was intended to be something else; and that plaintiffs had been diligent in refiling the suit and that it did not consider the delay in filing the section 72 petition to be important. Accordingly, the trial court vacated the previous dismissal and returned the cause to the trial calendar.

## I.

■■ At the outset we feel compelled to comment on an important aspect of this case not discussed in the trial court or in the briefs before this court. The Judicial Article of 1962, effective January 1, 1964, provided for a unified trial court system in the State of Illinois with original jurisdiction on all justiciable matters. The Judicial Article of the 1970

Illinois Constitution (Ill. Const. 1970, art. VI, §9) created a single integrated trial court structure. As we noted earlier in footnote 1 of the opinion, the Circuit Court of Cook County, as one court, is divided into departments, divisions and districts. Its rules clearly provide for the transfer of cases both properly and improperly filed among its various departments, divisions and districts. (General Order 1.3(d) (1967), General Orders of the Circuit Court of Cook County.) Under existing orders all that was necessary under the circumstances in this case was to transfer the cause from the third district to either the first district—if the prayer for damages remains at $15,000—or to the municipal department, law division of the county department—if the damages sought exceed $15,000. (*Cf. Jamal v. Jamal* (1st Dist. 1968), 98 Ill. App. 2d 180, 188, 240 N.E.2d 246; *Daily Journal v. Smith* (2d Dist. 1969), 118 Ill. App. 2d 411, 415, 254 N.E.2d 307.) In our opinion, for this reason the plaintiff is entitled to her day in court, and therefore the granting of the section 72 petition was proper. Although the foregoing should dispose of the matter, we shall discuss the issues as raised by the parties.

## II.

The first issue to be resolved is whether the grant of plaintiffs' section 72 petition is appealable. Plaintiffs contend that the deletion of subsection (6), which provided for such appeals, from section 72 in 1973 deprived this court of jurisdiction over appeals of action taken on section 72 petitions.[3] It is beyond question that subsection (6) was deleted following *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495, wherein our supreme court held the rule-making power pertaining to appellate practice is vested in that court. Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(b)(3)), which became effective in 1970 and provides for such appeals, replaced subsection (6). (Supplement to Historical and Practice Notes by Albert E. Jenner, Jr., and Arthur M. Martin, Ill. Ann. Stat., ch. 110, §72 (Supp. 1976-77).) Such appealability has been confirmed in the courts since 1973. *E.g., Goldstick v. Saporito (1st Dist. 1974), 22 Ill. App. 3d 621, 623, 317 N.E.2d 774.*

## III.

■■■ We next consider whether the evidence established the prior dismissal was by voluntary nonsuit without right to reinstate, thus depriving the trial court of jurisdiction to entertain the section 72 petition. It is well established in Illinois law that, where a plaintiff takes a voluntary nonsuit, the court granting the dismissal loses jurisdiction to set aside the dismissal and reinstate the cause. (*Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 543, 112 N.E. 350; *Mayian v. Yellow Cab Co.* (1st Dist.

---

[3] Section 72(6) at that time read: "Any order entered denying or granting any of the relief prayed in the petition is appealable."

1965), 63 Ill. App. 2d 449, 211 N.E.2d 551.) Based on both its own recollection as a participant in the conference and on its evaluation of the believability of the witnesses, the trial court found the dismissal was based upon an agreement among the attorneys to allow plaintiffs to dismiss and refile. The trial court concluded that the dismissal was not a voluntary nonsuit but was instead an agreed-upon dismissal. As in other cases, on issues of fact in review of section 72 petition hearings, the credibility of the witnesses rests with the trier of fact and this court will not substitute its judgment for that of the trier of fact unless against the manifest weight of the evidence. (*Abron v. Public Pontiac, Inc.* (1st Dist. 1965), 64 Ill. App. 2d 73, 77, 212 N.E.2d 326.) The finding of an agreement to allow plaintiffs to dismiss and refile, in our opinion, was not against the manifest weight of the evidence. A significant indication of the intent of the parties is demonstrated by the order itself—reviewed by the attorneys before its entry—which states the dismissal to be "without prejudice to refile."

## IV.

We next consider whether Sabade's failure to move to strike the petition waived any questions as to the sufficiency of the petition short of a total failure to state a set of facts upon which relief could be granted. On appeal Sabade contends the petition was deficient in the absence of allegations that plaintiffs were diligent in pursuing their remedies, in not being accompanied by affidavits, and in that the petitioner did not have personal knowledge of the facts he was alleging. Sabade answered the petition by a pleading entitled "Reply" and questioned the sufficiency of the petition, but did not file a motion to strike or dismiss the petition. The only relief requested in her reply was that the court deny the petition. Sabade failed, therefore, to preserve her objections as to sufficiency of the petition.

■■ Where the petition is answered on the merits, no motion to strike or dismiss the petition is filed, and the petition does not totally fail to state a set of facts upon which relief can be granted, any objections as to the sufficiency of the petition are waived. (*Wilson v. Wilson* (2d Dist. 1965), 56 Ill. App. 2d 187, 192-93, 205 N.E.2d 636.) Such objections cannot be raised on review unless properly presented in the court below. *Bourne v. Seal* (1st Dist. 1964), 53 Ill. App. 2d 155, 203 N.E.2d 12.

## V.

The final issue for resolution is whether the trial court abused its discretion in granting the petition. We have already determined that the court was within its discretion to judge the credibility of the witnesses in finding that the dismissal was based on an agreement of the attorneys.

The sole remaining ground for charging abuse, therefore, is whether plaintiffs' lack of diligence in filing the petition should preclude the recovery granted below. It is not disputed that plaintiffs were diligent in refiling their suit upon vacation of the dismissal order. Normally a petitioner under section 72 is required to exercise diligence in filing the petition in order to be entitled to relief. It is to be noted that this question is separate from issues involving the doctrine of laches since that doctrine does not apply where section 72 petitions are brought within the time period required by the statute. (*Lingerman v. Elgin, Joliet & Eastern Ry. Co.* (1st Dist. 1959), 24 Ill. App. 2d 1, 9, 163 N.E.2d 854; *Central Cleaners & Dyers, Inc. v. Schild* (1st Dist. 1936), 284 Ill. App. 267, 274, 1 N.E.2d 90.) Plaintiffs, in the present case, filed their petition within two years after the dismissal as required by section 72.

■■ Though the doctrine of laches does not apply, it cannot be questioned that plaintiffs lacked diligence in filing their petition. Navigato's failure to read and respond to the affirmative defense portion of the answer during the four to five months he remained as plaintiffs' attorney and the failure of plaintiffs' succeeding attorney to determine the true nature of the dismissal after reading the defense precludes a holding of diligence in the filing of the petition. A court may, however, exercise its equity powers and invoke equitable principles in ruling on section 72 petitions. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1st Dist. 1972), 9 Ill. App. 3d 438, 292 N.E.2d 154.) The third district of this court has interpreted *Elfman* and *Ellman*:

> "[T]o mean that even though there may have been a lack of due diligence in presenting a defense, a default judgment may nonetheless be set aside if justice and good conscience requires it." (*Burkitt v. Downey* (3rd Dist. 1968), 102 Ill. App. 2d 373, 377, 242 N.E.2d 901.)

We find nothing in the cited cases as to why the equitable considerations allowed in default cases should not apply to situations such as the present one. Prevailing authority clearly indicates that the purpose of exercising equitable powers in ruling on section 72 petitions is to prevent unfairness and injustice. *Postal Film, Inc. v. McMurtry* (5th Dist. 1974), 22 Ill. App. 3d 293, 317 N.E.2d 375; *Spencer v. American United Cab Association* (1st Dist. 1965), 59 Ill. App. 2d 165, 208 N.E.2d 118; *Washington Manufacturing Co. v. American Uniform Rental Co.* (5th Dist. 1966), 73 Ill. App. 2d 49, 53, 218 N.E.2d 499.

■■ The absence of prejudice due to delay has also been considered an important factor in determining the equities in section 72 cases. (*People ex rel. Franks v. Franks* (1st Dist. 1970), 126 Ill. App. 2d 51, 56,

261 N.E.2d 502.) In the present case, Sabade did not show she suffered any prejudice by the delay in the filing of the petition. If we were to reverse the grant of the petition, plaintiffs would suffer the hardship of being deprived of the opportunity to present a claim filed within the statute of limitations because of a misunderstanding shared, apparently, by all participants of the conference and in spite of the fact that this case could have and should have been simply transferred to the first district of the circuit court. All the circumstances of a case are to be considered in reviewing grants or denials of section 72 petitions. (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1st Dist. 1966), 76 Ill. App. 2d 334, 347, 222 N.E.2d 49; *Gary Acceptance Corp. v. Napilillo* (1st Dist. 1967), 86 Ill. App. 2d 257, 230 N.E.2d 73.) The present case is one where the trial court apparently deemed it inequitable to allow the dismissal order based on the record to stand in spite of the lack of diligence on the part of plaintiffs. We agree with this conclusion and therefore affirm the judgment to vacate and reinstate.

Judgment affirmed.

HAYES and JIGANTI, JJ., concur.