## M. J. Burke v. Chicago City Ry. Co.

1. PRACTICE—*Where Plaintiff Has a Right to Take a Non-Suit.*— Where there is no plea or notice of set-off, the plaintiff has the absolute right to take a non-suit up to the time the jury retires from the bar.

2. SAME—*When a Formal Judgment is Not Necessary to the Discontinuance of a Suit.*—A formal judgment is not necessary to the discontinuance of a suit when the announcement that the suit is discontinued is made by the plaintiff's attorney in open court, when the case is called for trial, and is entered in the minutes of the judge and clerk.

Burke v. Chicago City Ry. Co.

3. SAME—*Discontinuance May be Effected as to One or More Defendants Without any Order of the Court.*—A discontinuance may be effected as to one or more defendants by the action of plaintiff alone without any order of the court, as where, after a demurrer is sustained to a declaration against several defendants, plaintiff files a declaration against one of the defendants only, thus working a discontinuance as to the other defendants. So a statement in a declaration that plaintiff dismisses as to one of several defendants is sufficient.

4. COURTS—*Entries in Records Presumed to be Made by the Court's Direction.*—Every entry in the record of the proceedings of a court of record is a statement of the act of the court and must be presumed to be made by its direction.

Transcript from Justice of the Peace.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed October 9, 1903.

P. B. FLANAGAN, attorney for appellant; C. L. MAHONY, of counsel.

P. H. BISHOP, attorney for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

On September 25, 1901, a suit at law brought by appellant against appellee was pending in the court below, was at issue and was reached for trial. Thereupon on said day the following entry or order was made in said cause in the record of the proceedings of said court, viz.:

" This cause being called for trial, come the parties to this suit by their attorneys, respectively, and thereupon the plaintiff elects to take a non-suit."

No further order or entry was made in said cause until after the end of the term and several subsequent terms, when, on July 15, 1902, the following entry or order was made in record of the court in said cause, viz.:

" This day come the parties by their attorneys respectively, and it appearing to the court that the plaintiff heretofore elected to take a non-suit herein, therefore it is considered by the court that the plaintiff take nothing by his suit, and the defendant do go thereof, without day; and it is further considered that the defendant do recover of and from said plaintiff his costs, etc."

From this judgment of July 25, 1902, plaintiff has appealed to this court.

The contention of appellant is that the entry or order entered of record September 25, 1901, shows that plaintiff then took a non-suit; that it shows a voluntary discontinuance of the suit by plaintiff and that thereby an end was put to the suit; while appellee contends that said record shows no more than a motion by plaintiff for a non-suit; that the making of such motion did not put an end to the suit and that it remained pending until the judgment appealed from was entered.

There was no plea or notice of set-off, and therefore the plaintiff had the absolute right to take a non-suit up to the time the jury retired from the bar.

Upon the announcement to the court by the plaintiff of his election to take a non-suit, the court could proceed no further in the cause. His election to take a non-suit was entered in the record of the court.

Every entry in the record of the proceedings of a court of record is a statement of the act of the court and must be presumed to be made by its direction. Read v. Sutton, 2 Cushing, 123.

The fact that the election of the plaintiff to take a non-suit in this case was entered in the record of the proceedings of the court in the cause, shows the assent of the court to a non-suit; and such election by the plaintiff and assent thereto by the court is, at the most, all that is necessary to show that the plaintiff did take a non-suit and that thereby the suit was discontinued.

True, there was no formal judgment against the plaintiff, but such formal judgment has been held not necessary to the discontinuance of a suit when the announcement that the suit is discontinued is made by the plaintiff's attorney in open court when the case is called for trial and is entered in the minutes of the judge and clerk. Juneau County v. Hooker, 67 Wis. 322.

In many cases a discontinuance is effected as to one or more defendants by the action of plaintiff alone, without any order of the court.

Ripley v. Vorslowski.

Where, after a demurrer is sustained to a declaration against several defendants, plaintiff files a declaration against one of the defendants only, this works a discontinuance as to the other defendants. Black v. Womer, 100 Ill. 328. So a statement in a declaration that plaintiff dismisses as to one of several defendants is sufficient. Wheeler v. Bullard, 6 Porter (Ala.), 352.

Taking a judgment against a part of the defendants in an action *ex delicto* amounts to a discontinuance as to the others. Davis v. Taylor, 41 Ill. 405.

The judgment appealed from was improperly entered after the court had lost jurisdiction of the cause and will therefore be reversed.