(No. 28131.—

WILLIAM H. BETTENHAUSEN *et al.;* Appellants, *vs.* GEORGE GUENTHER *et al.,* Appellees.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

KRUSEMARK & KRUSEMARK, of Joliet, for appellants.

JOHN H. BECKERS, of Kankakee, HERBERT P. FOLKERS, and J. HINTON MASSEY, both of Joliet, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the county court of Will county, denying leave to appellants to file an amendment to their petition for the organization of a special drainage district.

A petition signed by appellants, and others, was filed in the county court for the organization of a special drainage district under section 49 of the Farm Drainage Act.

(Ill. Rev. Stat. 1943, chap. 42, par. 134.) The petition was signed by the required number of landowners within the proposed district. Notice was given. A number of landowners within the district, who had not joined in the petition, entered their special and limited appearance. A hearing on the petition was set by the court for November 19, 1943. On the day of the hearing, and after the petitioners had offered evidence for the purpose of making a *prima facie* case, eight of the petitioners filed a written request for leave to withdraw their names from the petition. The matter was then continued by the court until January 28, 1944. On that date the court entered an order granting leave to the eight petitioners to withdraw their names from the petition. When these eight names were withdrawn, the petition did not contain the required number of signatures of landowners.

The order entered on that date further recites, "Thereupon the Court sits and listens to a motion of the petitioners by Albert H. Krusemark, Sr., their attorney, for authority to dismiss the petition herein, which said motion is hereby granted. Thereupon a motion is made by the petitioners herein by their attorney, Albert H. Krusemark, Sr., to assess costs against all petitioners including those withdrawing their names from said petition, which motion is set down for hearing on February 7, 1944, at ten o'clock A. M."

On February 7, 1944, the petitioners filed a motion "that leave be granted for the withdrawal of the oral motion or motions made by Albert H. Krusemark, Sr., of the firm of Krusemark and Krusemark, on the 28th day of January, A. D. 1944, and that upon the granting of said leave, he be given leave to file a written amendment to said petition and the amendment thereto." Thereupon, on the same day, the court entered an order "That leave is granted Attorneys Krusemark and Krusemark, attorneys for petitioners, to withdraw the oral motion or motions made to dismiss the within petition." The order further

provided that the motion for leave to file an amendment to the petition be continued for hearing to February 28, 1944. The matter was finally heard on April 8, 1944, when the petition for leave to amend was denied. This appeal is from that order, entered on April 8, 1944, denying appellants' motion for leave to amend the petition.

Counsel for appellants in this court have argued only the question of the right to amend the petition. As we view the record, the effect of the order of dismissal entered on January 28, 1944, on motion of the attorney for appellants, is a question which will have to be first disposed of. This is the controlling and decisive question involved. The motion filed on February 7 was for leave to the attorneys for appellants to withdraw their oral motion to dismiss the suit. On the same day the court allowed that motion and granted leave to petitioners' attorneys to withdraw their oral motion, or motions, to dismiss the petition. The order dismissing the petition entered on January 28, 1944, was not set aside. The motion which was allowed on February 7 did not ask to have the order of dismissal set aside.

The order of dismissal entered by the court on motion of petitioners was a voluntary nonsuit. It has been announced by this court that where a voluntary nonsuit has been taken upon motion of a plaintiff, the court has no power to set aside the order of dismissal and reinstate the cause unless, at the time the nonsuit is taken, leave is given the plaintiff to move to set it aside. The reason for the rule is that if a plaintiff, by his deliberate and voluntary act, secures a dismissal of his suit, he must be held to have anticipated the effect and necessary results of his action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a nonsuit, his only recourse is to begin his action anew. *Weisguth* v. *Supreme Tribe of Ben Hur*, 272 Ill. 541.

In *Davis* v. *Robinson*, 374 Ill. 553, we said that by the dismissal of a suit the parties are out of court and any

further proceedings are unauthorized until the judgment of dismissal is vacated and the cause reinstated. The same rule was announced in *Chicago Title and Trust Co.* v. *Tilton,* 256 Ill. 97.

Under these authorites, when the court, by the order of January 28, 1944, allowed the motion of petitioner to dismiss the petition, the parties were out of court. No motion was made at that time and no leave was either asked or granted to file a motion to set aside the order of dismissal. The cause having been voluntarily dismissed by the petitioners, they could not thereafter ask the court to reinstate the cause or confer jurisdiction upon the court to do so. The cause at that time was continued to February 7, solely for the consideration of petitioners' motion to tax the costs against all the petitioners, including those who had withdrawn their names from the petition. The motion filed on February 7, 1944, was made by petitioners, not to set aside the order of dismissal, but "that leave be granted for the withdrawal of the oral motion or motions" made in the cause on Janury 28, 1944. The cause having been voluntarily dismissed on January 28, on motion of petitioners, obviously, the court was without jurisdiction on February 7 to entertain the motion for leave to withdraw the motion to dismiss. The only jurisdiction the court had to enter any order in the cause after the order of dismissal was with reference to the taxing of costs against those petitioners who had withdrawn their names from the petition. It had power to determine the question of the taxation of costs among the petitioners, as an incident to its order of dismissal. It was wholly without power to make any other order in the case.

Counsel for appellants, in their reply brief, argue that the order entered on January 28, 1944, was not sufficient to constitute a dismissal of the petition. No formal order dismissing the petition was required. The entry of the order granting the motion of petitioners "for authority to

dismiss the petition herein" was sufficient to constitute a dismissal of the cause. (*Burke* v. *Chicago City Ry. Co.* 109 Ill. App. 656.) In the reply brief they also call our attention to what is said to be a formal order dismissing the petition which, it is stated, was submitted to the court, and which the trial judge refused to sign, because it did not "reflect the court's proceedings." It is admitted that this unsigned order is not in the record. We are asked to consider it because it is alleged to be in the files of the trial court, although not in the record filed in this court. Obviously, we cannot consider anything which is not in the record. The order entered was sufficient to constitute a voluntary dismissal and we cannot disregard that order. The fact, if it is a fact, that counsel for appellants submitted to the trial court a formal order dismissing the suit, which the court refused to sign, has no bearing whatever on the sufficiency of the order entered, by which the petition was dismissed on motion of the petitioners. All of the proceedings had in the cause subsequent to the entry of the order of dismissal on January 28, except with reference to the taxation of costs against those petitioners whose names were withdrawn from the petition, were *coram non judice* and beyond the jurisdiction of the court.

The cause having been voluntarily dismissed by the petitioners on January 28, 1944, the jurisdiction of the court ended with the entry of that order of dismissal. It was wholly without power on April 8, 1944, to enter the order from which this appeal was taken. Appellees have not waived the question of jurisdiction. They appeared only under a special and limited appearance, both before and after the order of dismissal was entered.

The order of the county court is reversed and the cause is remanded, with directions to vacate all orders entered in said cause subsequent to the order of dismissal entered on January 28, 1944.

*Reversed and remanded, with directions.*