HADLEY GEAR MANUFACTURING COMPANY *et al.*, Plaintiffs-Appellees, v. JAMES ZMIGROCKI *et al.*, as Trustees of the Glen R. Heydt Trust, Defendants-Appellants.

First District (4th Division)   No. 85—3476

Opinion filed September 30, 1986.

Charles F. Marino, of Chicago, for appellants.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., of Chicago (Michael B. Hyman and Maurice Grant, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The defendants, James Zmigrocki, Mildred Heydt and Camille Bradaric, appeal from a trial court order denying their request for statutory interest under section 2—1303 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303), and their request for attorney fees incurred with respect to court proceedings that arose out of an arbitration award.

Pursuant to a stock purchase agreement entered into by the parties, three arbiters were selected to determine the stock purchase price to be paid by the plaintiffs for the Hadley Gear Manufacturing Company. The arbiters determined the purchase price and entered an award and payment schedule pursuant thereto. The plaintiffs then filed a complaint to vacate and correct the arbitration award under the Uniform Arbitration Act. (Ill. Rev. Stat. 1985, ch. 10, par. 112.) In response, the defendants moved to deny that motion. The defendants further sought attorney fees pursuant to the stock purchase agreement and statutory interest under section 2—1303 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.) The trial court denied the plaintiffs' motion, confirmed the arbitration award and entered judgment thereon. In addition, the court denied the defendants' motion for statutory interest and attorney fees. The defendants appeal.

The defendants first argue that the trial court erred in failing to award statutory interest on the arbitration award under section 2—1303. Section 2—1303 provides in pertinent part:

"Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.)

The defendants suggest that this section must be construed to mean that in all cases the trial court is statutorily mandated to enter an award of interest. However, as the plaintiffs point out, in chancery matters the decision to allow statutory interest lies within the sound discretion of the trial court. (*Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 612, 488 N.E.2d 1349.) Because the defendants have not pre-

sented this court with any facts to indicate that the decision of the trial court was an abuse of that discretion, we have no basis from which to reverse the trial court's determination. Consequently, the order denying statutory interest is affirmed.

■ The second issue raised by the defendants is whether the trial court erred in denying the defendants' request for attorney fees provided for in the stock purchase agreement. Generally, an unsuccessful party is not responsible for the payment of attorney fees; however, courts will enforce provisions in contracts for the award of attorney fees. (*Abdul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 412, 462 N.E.2d 488.) In this case the stock purchase agreement provides that if an action is instituted to enforce the provisions of the agreement, the losing party will be required to pay the successful party's reasonable attorney fees.

■ The plaintiffs argue that the proceeding they instituted to confirm the arbitration award in this case should not be considered "an action" but merely a proceeding incident to the arbitration proceedings. We disagree. In this case the plaintiffs specifically sought to vacate the arbitration award which caused the defendants to defend against and incur further attorney fees. We believe that such action required by the defendants in fact conforms to the definition of an "action" cited by the plaintiffs as "any legal proceeding in the court for the enforcement of a right." The defendants' response to the plaintiffs' motion to vacate was in the nature of a proceeding to enforce a right. The stock purchase agreement specifically provided for fees under these circumstances, and there was no basis for the trial court to ignore this provision. Moreover, we do not find that the defendants waived their right to attorney fees as their motion in response to the plaintiffs' motion to vacate specifically requested statutory interest and attorney fees. Accordingly, attorney fees were proper in this case and the trial court erred in denying the defendants' request for such fees.

For the foregoing reasons the order of the trial court denying defendants' motion for statutory interest is affirmed. The order denying the request for attorney fees is reversed and remanded for a determination and judgment as to the amount of reasonable attorney fees incurred by the defendants.

Affirmed in part and reversed in part and remanded.

LINN, P.J., and JOHNSON, J., concur.