TRACY KELCH, Plaintiff-Appellee, v. LOUIS L. WATSON *et al.*, Defendants-Appellants.

Third District   No. 3—92—0037

Opinion filed November 4, 1992.

David B. Collins, of Quinn, Johnston, Henderson & Pretorius, of Peoria (Murvel Pretorius, Jr., of counsel), for appellants Louis L. Watson and Orthopedic Surgery Group.

Susan H. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellant T.V. McGuffin.

Theodore J. Bednarek, of Troha, Troha & Bednarek, of Joliet, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Defendants appeal the denial of their motions to dismiss plaintiff's complaint. We granted leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) to consider the following question:

"Where a plaintiff stipulates, even though inadvertently, pursuant to [Ill. Rev. Stat. 1989,] ch. 110, par. 2—1009, to dismiss her action and the order based upon said stipulation is entered, does the court have jurisdiction, upon motion made within thirty days and pursuant to stipulation of the parties, to thereafter vacate the order of dismissal and reinstate said action; and if so, can plaintiff thereafter voluntarily dismiss and then file a new action pursuant to Ill. Rev. Stat. 1989, ch. 110, par. 13—217."

We conclude that defendants waived the question of the trial court's jurisdiction to vacate the dismissal order and reinstate the action by their continued participation in the proceedings following plaintiff's voluntary dismissal. Accordingly, we affirm the denial of defendants' motions to dismiss.

Plaintiff, Tracy Kelch, filed a complaint in July 1985 against Proctor Community Hospital (Proctor) and defendant-appellants Louis L. Watson, M.D., T.V. McGuffin, M.D., and Orthopedic Surgery Group, S.C. (defendants). Two years later, plaintiff and Proctor prepared a stipulation for dismissal, purportedly to operate only in favor of Proctor. The order entered by the trial court, however, inadvertently dismissed the *entire* action.

Within 30 days, plaintiff moved to vacate the dismissal order and reinstate the action against all defendants but Proctor. The trial court granted the motion and entered an "agreed" order in July 1987.

In November 1989, the trial court granted plaintiff's motion to voluntarily dismiss the case. In November 1990, within one year of

the voluntary dismissal, plaintiff filed a new action against defendants.

Defendants contended in motions to dismiss that plaintiff had improperly refiled her action twice, contrary to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—217).

. The trial court denied defendants' motions. The court found that plaintiff's November 1990 filing was not an improper second refiling under section 13—217. The court determined that the inadvertent 1987 dismissal "became a nullity" upon its vacatur, so that the immediately reinstated cause of action was not a (first) refiling. Plaintiff's November 1990 complaint was then properly and timely filed under section 13—217. The trial court also found that defendants revested the court with jurisdiction by consenting to the vacatur of plaintiff's inadvertent dismissal and by continuing to participate in court proceedings.

Defendants maintain on appeal that following entry of an order granting a voluntary dismissal, a court loses jurisdiction to reinstate the same cause of action unless leave to reinstate was granted in the order of dismissal. Defendants maintain that since leave to reinstate the action was not granted plaintiff in the dismissal order, plaintiff could only file a new action. Such a new action would be considered a first refiling under section 13—217. Plaintiff's 1989 voluntary dismissal and 1990 refiling, then—according to defendants—was an improper second refiling under section 13—217. Plaintiff counters that the trial court properly denied defendants' motions to dismiss because defendants submitted themselves to the continuing jurisdiction of the court by consenting to vacatur of the dismissal order and by participating in all future aspects of the litigation. The voluntary dismissal and refiling was only a first refiling because the vacatur order merely reinstated the inadvertently dismissed action.

Plaintiff's motion to vacate the inadvertent order of dismissal was brought pursuant to section 2—1301(e) of the Civil Practice Law, which by its very language vests discretion in the trial court to set aside a final order or judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e).) The effect of a vacated order is that of a void order. Black's Law Dictionary defines "vacate" as follows: "[t]o annul; to set aside; to cancel or rescind. To render an act void; as, to vacate an entry of record, or a judgment." (Black's Law Dictionary 1548 (6th ed. 1990).) The substantive effect of the order vacating the allegedly inadvertent voluntary dismissal was to restore the parties to their original status in the case; the vacatur operated as if the voluntary dismissal had never been entered.

The trial court clearly had jurisdiction to vacate the inadvertent dismissal order. We conclude that the order vacating the inadvertent dismissal of plaintiff's complaint rendered the dismissal order nugatory and returned the parties to the status they held prior to entry of the dismissal order. Therefore, plaintiff's later voluntary dismissal and refiling was not an improper second refiling under section 13—217. See *George W. Kennedy Construction Co. v. Industrial Comm'n* (1987), 152 Ill. App. 3d 114, 119-20, 503 N.E.2d 1169, 1173-74.

Defendants rely upon the rule of *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550, and *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350, that once a trial court enters an order granting a voluntary dismissal, the court no longer retains jurisdiction to reinstate the cause of action unless leave to reinstate was granted at the time the order of dismissal was entered. *Bettenhausen*, 388 Ill. at 489, 58 N.E.2d at 551-52; *Weisguth*, 272 Ill. at 543, 112 N.E. at 351.

We find *Bettenhausen* and *Weisguth* distinguishable. First, the plaintiff in the instant case never intended to abandon her claim against *all* the defendants. This contrasts with the rationale behind the rule, as stated in *Bettenhausen*:

> "[I]f a plaintiff, by his deliberate and voluntary act, secures a dismissal of his suit, he must be held to have anticipated the effect and necessary results of his action and should not be restored to the position and the rights which he *voluntarily abandoned*." (Emphasis added.) *Bettenhausen*, 388 Ill. at 489, 58 N.E.2d at 552.

The plaintiff here did not "deliberate[ly] and voluntar[il]y act" to "secure[ ] a dismissal of [her] suit," at least as to *all* defendants. It would be inconsistent with the reasoning stated by our supreme court in *Bettenhausen* to conclude that the plaintiff "anticipated the effect and necessary results of [her] action" and to hold that she "should not be restored to the position and *** rights" she previously held. *Bettenhausen*, 388 Ill. at 489, 58 N.E.2d at 552.

Second, defendants forfeited their right to complain of the court's reinstatement of plaintiff's cause of action by appearing *generally* after vacatur of the order of dismissal. Defendants, by their continued appearances in the action, conferred upon the court the power to proceed and waived their right to object to reinstatement of the cause. In *Bettenhausen*, the court specifically noted that the defendants, by their special and limited appearance, had not waived the question of jurisdiction. (*Bettenhausen*, 388 Ill. at 491, 58 N.E.2d at 552.) The court in *Weisguth*, however, refused to apply the rule prohibiting rein-

statement because the defendant had forfeited its right to complain of the trial court's action by appearing and contesting the case on the merits. (*Weisguth*, 272 Ill. at 543, 112 N.E. at 351.) To exercise the right to question the jurisdiction of the court, the defendants " 'should either have not appeared at all or limited their appearance to the objection against the jurisdiction of the court.' " (*Weisguth*, 272 Ill. at 543, 112 N.E. at 351, quoting *Herrington v. McCollum* (1874), 73 Ill. 476, 479; *Zandstra v. Zandstra* (1922), 226 Ill. App. 293, 309-10.) "[W]hen defendants appeared and contested the case on the merits, they conferred jurisdiction on the court, assuming that it had not had jurisdiction before." (*Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 664, 422 N.E.2d 1011, 1015.) (As noted by the Appellate Court for the Fifth District, the rule set forth in *Weisguth*, and followed in *Bettenhausen*, is *dicta*, since the defendant was held to have forfeited its right to complain by appearing without objection in the subsequently reinstated case. *Ripplinger v. Quigley* (1992), 231 Ill. App. 3d 1002, 1005, 597 N.E.2d 260, 262.)

Third, our plaintiff's voluntary nonsuit was supported by an *agreed-upon* stipulation for dismissal; this contrasts with the facts of *Weisguth* and *Bettenhausen*, in which the plaintiff took a nonsuit *without* the consent of the defendant. Where the parties agree to the dismissal, strict application of the *Weisguth* rule has been held unwarranted. *Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 105, 390 N.E.2d 579, 582; *Ripplinger*, 231 Ill. App. 3d at 1007, 597 N.E.2d at 263.

Defendants point to this court's decision in *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 450 N.E.2d 28, in which we affirmed the trial court's denial of plaintiff's motion to vacate an order of dismissal following a voluntary nonsuit. While our court in *Herman* relied upon the rule of *Bettenhausen* and *Weisguth*, the question of defendant's waiver was not at issue since the case went directly on review following the trial court's denial of plaintiff's motion to vacate and reinstate. Also, the plaintiff in *Herman* appeared to have intended the consequences of his voluntary dismissal, since that plaintiff moved for dismissal to avoid the consequences of a motion for summary judgment. In the case now before us, it is undisputed that plaintiff did not intend to dismiss her action against these defendants, so the rationale behind the rule in *Bettenhausen*, as applied in *Herman*, would not be met were we to choose the result urged by defendants.

We conclude that the trial court had jurisdiction to vacate the order of dismissal and reinstate plaintiff's complaint. Such action was not a refiling of plaintiff's complaint under section 13—217, so that

880

plaintiff's later voluntary dismissal and refiling was not an impermissible second refiling.

Accordingly, the order of the circuit court of Peoria County denying defendants' motions to dismiss is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.