HEDY ELLIOTT, Plaintiff-Appellant, v. CARL WILLIAMS, Defendant (Titan Security Services, Inc., *et al.*, Defendants-Appellees).

First District (3rd Division)   No. 1—01—4226

Opinion filed March 3, 2004.—Rehearing denied January 12, 2004.

G. Douglas Stephens, James M. Janovetz, and Michael W. Rathsack, all of Michael W. Rathsack, Attorney at Law, of Chicago, for appellant.

Kralovec & Marquard, Chtrd., Gene H. Hansen, of Law Offices of Gene H. Hansen, Ltd., and Kevin G. Owens and Thomas H. Fegan, both of Johnson & Bell, Ltd., all of Chicago, for appellees.

JUSTICE HALL delivered the opinion of the court:

The plaintiff, Hedy Elliott, appeals from orders of the circuit court of Cook County granting summary judgment to defendants Titan Security Service, Inc. (Titan), and Draper & Kramer, Inc., and denying her motion for leave to file an amended complaint.

On appeal, the plaintiff contends that the circuit court erred in granting summary judgment to Titan because genuine issues of material fact exist as to whether Titan's conduct in hiring defendant Carl Williams was a proximate cause of the plaintiff's injuries. She further contends that the circuit court erred in denying her motion for leave to file an amended complaint. Finally, the plaintiff submits that if the circuit court erred in granting summary judgment to Titan, then the summary judgment in favor of Draper & Kramer must also be reversed. For the reasons that follow, we reverse and remand.

Titan was hired by Draper & Kramer to provide security at the Lake Meadows Apartments. On March 12, 1996, while staying at the Lake Meadows Apartments, the plaintiff was sexually assaulted by Carl Williams, a security guard employed by Titan.

On March 11, 1998, the plaintiff filed a complaint against the defendants and Carl Williams.[1] The complaint, which was subsequently amended on March 23, 2000,[2] alleged that Titan was guilty of negligence in the hiring of Mr. Williams in that Titan, *inter alia*, failed to conduct a background check, which would have revealed Mr. Williams' criminal background. The complaint further alleged that Draper & Kramer was negligent in its hiring and retention of Titan based on Titan's hiring of unfit security guards.

On January 25, 2001, Titan filed a motion for summary judgment. Titan relied, *inter alia*, on the following evidence in support of its motion.

---

[1] Mr. Williams is not a party to this appeal.
[2] The March 23, 2000, amendments pertained to Draper & Kramer.

In her deposition, the plaintiff testified that on March 11, 1996, she was staying with a friend at the Lake Meadows Apartments. Around 5:30 p.m., the plaintiff left the apartment to go shopping with another friend. She returned from shopping at around 9:30 p.m. She had packages in her hands and a soda. She was able to open the outer door to the building but was struggling trying to open the inner door when a security guard opened it for her. While the plaintiff was waiting for the elevator, the security guard and she had a brief conversation during which the plaintiff mentioned the name of the person with whom she was staying.

When the elevator arrived, the security guard volunteered to help the plaintiff take her packages up to the apartment where she was staying. While in the elevator, the security guard told the plaintiff that his name was "Carl." In the course of their conversation, the plaintiff gave Carl her telephone number in Peoria and mentioned that she could get concert tickets for him. As the plaintiff approached the apartment, Carl was holding the elevator and watching her.

At around 10:30 p.m., Carl knocked on the apartment door. When the plaintiff opened the door, he told her he was coming off duty and asked her to join him for a drink. The plaintiff declined the invitation, telling him that she was going out with friends.

The plaintiff further testified that a male friend and a friend of his stopped over to see her, but she did not recall if she left the apartment to admit them to the apartment. They left about 11:45 p.m.

Sometime between 11:45 p.m. and 2 a.m., Carl called her and asked if he could come up to the apartment.[3] She told him no. He called a second time and told her he had a gift for her and could he bring it up to her. After first declining, the plaintiff agreed to allow Carl to bring the gift to the apartment door. A few minutes later, Carl knocked on the door, and the plaintiff, knowing it was Carl, opened the door to the apartment. The plaintiff acknowledged that, initially, she had told the police that she opened the door because she thought it was her friend returning to the apartment. Carl was dressed in street clothes but was wearing the hat he wore as part of his security uniform.

It is undisputed that Carl Williams then assaulted the plaintiff. He was subsequently arrested and, following a bench trial, convicted of the assault.

On June 7, 2001, prior to a hearing on Titan's motion for summary judgment, the plaintiff filed a motion for leave to file her second

---

[3]The plaintiff was uncertain as to whether there was one or two calls from Carl. Carl did not tell her from where he was calling.

amended complaint. The proposed second amended complaint added a claim of *respondeat superior* against Titan, Mr. Williams and an unknown security guard based on the conduct of the unknown security guard whom the plaintiff alleged had admitted Mr. Williams into the apartment building. A claim for breach of the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993 (225 ILCS 446/1 *et seq.* (West 1996)) against Titan and a claim of reckless conduct against Titan were also added to the second amended complaint.

On June 26, 2001, the circuit court granted Titan's summary judgment motion. On July 6, 2001, Draper & Kramer filed its motion for summary judgment.

On September 7, 2001, the circuit court denied the plaintiff's motion for leave to file her second amended complaint and granted Draper & Kramer's motion for summary judgment.

On October 26, 2001, the circuit court entered an order dismissing the remainder of the complaint. This timely appeal followed.

## ANALYSIS

### I. Summary Judgment for Titan

#### A. Standard of Review

■ Motions for summary judgment are reviewed *de novo*. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292, 757 N.E.2d 481, 491 (2001).

Summary judgment is proper if, and only if, the pleadings, depositions, affidavits and other relevant matters on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Prowell v. Loretto Hospital*, 339 Ill. App. 3d 817, 822, 791 N.E.2d 1261, 1265 (2003). In determining whether a genuine issue of material fact exists, a court must construe the pleadings, admissions and affidavits strictly against the movant and liberally in favor of the opponent. *Prowell*, 339 Ill. App. 3d at 822, 791 N.E.2d at 1265.

The purpose of summary judgment is not to try a question of fact but to determine if one exists. *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 517, 622 N.E.2d 788, 792 (1993). A triable issue precluding summary judgment exists where the material facts are disputed or, where the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts. *Gilbert*, 156 Ill. 2d at 518, 622 N.E.2d at 792. Summary judgment should only be allowed when the right of the moving party is clear and free from doubt. *Gilbert*, 156 Ill. 2d at 518, 622 N.E.2d at 792.

## B. Discussion

The plaintiff contends that a genuine issue of material fact exists as to whether Titan's negligent hiring of Mr. Williams was a proximate cause of the injuries to her. Titan responds that, regardless of any negligence on its part in hiring Mr. Williams, the plaintiff's action in opening the apartment door to Mr. Williams constituted an intervening cause and, therefore, Titan's negligent hiring of Mr. Williams was not a proximate cause of the plaintiff's injuries.

■ Proximate cause is ordinarily a question for the jury to decide. *Mack v. Ford Motor Co.*, 283 Ill. App. 3d 52, 57, 669 N.E.2d 608, 612 (1996). The proximate cause of an injury can become a question of law only when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. *Mack*, 283 Ill. App. 3d at 57, 669 N.E.2d at 612-13.

The plaintiff correctly notes that there may be more than one proximate cause of an injury. *Mack*, 283 Ill. App. 3d at 57, 669 N.E.2d at 613. A defendant may be held liable even if his negligence is not the sole proximate cause of the plaintiff's injuries, so long as his conduct contributed in whole or in part to the injury. *Mack*, 283 Ill. App. 3d at 57, 669 N.E.2d at 613.

The negligence of a defendant will not constitute a proximate cause of a plaintiff's injuries if some intervening act supercedes the defendant's negligence, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. *Mack*, 283 Ill. App. 3d at 57, 669 N.E.2d at 613.

■ Illinois courts draw a distinction between a condition and a cause. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 257, 720 N.E.2d 1068, 1071 (1999). If the negligence charged does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury. *Galman*, 188 Ill. 2d at 257, 720 N.E.2d at 1071. "The test that should be applied in all proximate cause cases is whether the first wrongdoer reasonably might have anticipated the intervening efficient cause as a natural and probable result of the first party's own negligence. [Citation.]" *Galman*, 188 Ill. 2d at 257, 720 N.E.2d at 1071.

■ In accord with its analysis in *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 605 N.E.2d 493 (1992), the supreme court noted that "proximate cause" describes two distinct requirements: cause in fact and legal cause. *Galman*, 188 Ill. 2d at 257-58, 720 N.E.2d at 1072. Cause in fact exists where there is a reasonable certainty that a

defendant's acts caused the injury or damage. *Galman*, 188 Ill. 2d at 258, 720 N.E.2d at 1072. A defendant's conduct is a cause in fact of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury. *Galman*, 188 Ill. 2d at 258, 720 N.E.2d at 1072. A defendant's conduct is a material element and a substantial factor in bringing about an injury if, absent that conduct, the injury would not have occurred. *Galman*, 188 Ill. 2d at 258, 720 N.E.2d at 1072. "Legal cause," by contrast, is essentially a question of forseeability. *Galman*, 188 Ill. 2d at 258, 720 N.E.2d at 1072. The relevant inquiry is whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct. *Galman*, 188 Ill. 2d at 258, 720 N.E.2d at 1072.

*Carter v. Skokie Valley Detective Agency, Ltd.*, 256 Ill. App. 3d 77, 628 N.E.2d 602 (1993), relied on by the circuit court, is distinguishable but, nonetheless, instructive. In that case, the defendant rehired an employee without performing a background check, which would have revealed several criminal convictions. The employee appeared at the service station where both the victim and he worked and explained that he was to work at another location that day. He persuaded the victim to give him a ride to that location. The victim's body was discovered the next day.

The reviewing court reversed the jury verdict for the plaintiff. The court found that the defendant's negligence in rehiring a former employee, without performing a background check, was not a proximate cause of the victim's death. The court noted that in order for there to be a causal connection between the employer's negligence and the plaintiff's injuries, the employment itself must create the situation where the employee's violent propensities harm the third person. *Carter*, 256 Ill. App. 3d at 80, 628 N.E.2d at 604.

■ Applying the analysis in *Galman* and in *Carter* to the facts of the case before us, we determine that a genuine issue of fact exists as to whether Titan's alleged negligent hiring of Mr. Williams, without performing a background check, which presumably would have revealed his criminal record, was a legal cause, as well as the cause in fact, of the plaintiff's injuries.

It is a reasonable inference from the record that the plaintiff's decision to open the door to Mr. Williams was based on the fact he was a security guard and not just because she believed that he was bringing a gift to her. Earlier, Mr. Williams had assisted her into the apartment building and escorted her upstairs to the apartment where she was staying. Had Mr. Williams been a stranger, it is questionable as to whether the plaintiff would have permitted him to come up to the apartment. It is also a reasonable inference from the record that Titan

could have anticipated that the plaintiff would agree to allow Mr. Williams to come up to the apartment because he was a security guard.

"It was not the fact Harris was a security guard that got him into Emma's car and proximately caused her injuries and death; it was the fact that she trusted him because she knew him from work." *Carter*, 256 Ill. App. 3d at 82-83, 628 N.E.2d at 605. In contrast, in the case before us, it was a reasonable inference from the record that Mr. Williams' position as a security guard was the reason the plaintiff allowed him to come upstairs and admitted him to the apartment.

We conclude that a genuine issue of material fact exists as to whether Titan's alleged negligent hiring of Carl Williams was a proximate cause of the plaintiff's injuries and that the circuit court erred when it granted summary judgment to Titan.

Deciding this issue as we do, we need not address the circuit court's denial of the plaintiff's request for leave to amend her complaint.

## II. Summary Judgment for Draper & Kramer

Draper & Kramer contend that the plaintiff has waived her argument as to Draper & Kramer's liability by failing to cite any authority in support of her argument. However, Draper & Kramer's liability in this case stems from the allegation that Titan's negligent hiring of Mr. Williams was a proximate cause of the plaintiff's injuries. Therefore, the plaintiff's argument as to Titan is equally applicable to Draper & Kramer.

Having determined that a genuine issue of material fact exists as to whether Titan was a proximate cause of the plaintiff's injuries, we conclude that the circuit court erred when it granted summary judgment to Draper & Kramer.

The judgment of the circuit court granting summary judgment to Titan and Draper & Kramer is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

SOUTH and KARNEZIS, JJ., concur.