SECOND DIVISION

                                   Date Filed: December 27, 2005    

No. 1-04-2859

                                                                 

7-ELEVEN, INC., formerly known as ) Appeal from the 

The Southland Corporation,        ) Circuit Court of

                                  ) Cook County

        Petitioner-Appellee,      )

                                  ) No. 99 CH 4544

        v.                        )

                                  ) Honorable

K. MUSLEY DAR,                    ) Sophia H. Hall,

                                  ) Judge Presiding.  

         Respondent-Appellant.    )            

     JUSTICE HALL delivered the opinion of the court:

     The respondent, K. Musley Dar, appeals from an order of the 

circuit court of Cook County denying his motion for postjudgment interest on his arbitration award.  We affirm the decision of the circuit court.

     This is the third appeal resulting from the arbitration of a dispute between the parties to a franchise agreement.  In the first appeal, we determined that the petitioner wrongfully terminated the franchise agreement and 
that damages could be awarded for the breach of the implied covenant of good faith and fair dealing.  However, because the arbitrator failed to decide all of the issues presented,  we ordered the trial court to vacate the arbitration award and to order a rehearing before the arbitrator.  See 
7-Eleven, Inc. v. Dar
, 321 Ill. App. 3d 560, 571, 748 N.E.2d 642 (2001).  

     On July 31, 2001, our supreme court, in the exercise of its supervisory authority, entered an order directing this court to vacate its judgment in the above-entitled case and to reconsider our opinion in light of its decision in 
Voyles v. Sandia Mortgage Corp.
, 196 Ill. 2d 288, 751 N.E.2d 1126 (2001).  
7-Eleven, Inc. v. Dar
, 195 Ill. 2d 598, 749 N.E.2d 985 (2001).  Pursuant to that order, we vacated our judgment and reconsidered the merits of this case insofar as they are impacted by 
Voyles
.   

     We again determined that the petitioner had wrongfully terminated the franchise agreement.  However, in accordance with the supreme court's opinion in 
Voyles
, we held that the arbitrator had exceeded his authority when he awarded damages for breach of the covenant of good faith and fair dealing.  We again determined that the arbitrator had exceed his authority by failing to determine all of the claims submitted to him, requiring once again that the whole award be vacated.  We reversed the circuit court's judgment confirming the arbitration award and remanded the case to the court "with directions that the court enter an order vacating the arbitration award and ordering a rehearing before the arbitrator consistent with this opinion."  
 
7-Eleven, Inc. v. Dar
, 325 Ill. App. 3d 399, 410-11, 757 N.E.2d 515 (2001).

     On remand, the circuit court vacated the arbitration award and remanded the case for a rehearing before the arbitrator in accordance with this court's directions.  The arbitrator issued a modified final award.  The arbitrator determined that since this court has not overturned the finding of wrongful termination, that claim was not subject to redetermination.  Following a hearing on the remaining issues, the additional adjusted gross income (AAGI) issue and whether the respondent was entitled to interest on his claims, the arbitrator awarded the respondent $195,720 for wrongful termination, $19,804.52 on his AAGI claim and prejudgment interest in the amount of $404.72.

     The respondent filed a motion to confirm the arbitrator's modified final award and for postjudgment interest.  While acknowledging that the petitioner had paid the sum of $215,929.24, the respondent alleged that, pursuant to section 2-1303 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1303 (West 2002)), 
he was entitled to postjudgment interest on $195,720 from December 24, 1998, the original date of the arbitration award.

     The parties filed cross-motions for summary judgment.  The circuit court found that the respondent was not entitled to postjudgment interest.  The court granted summary judgment to the petitioner and denied the respondent's motion for summary judgment.  This timely appeal followed.

ANALYSIS

I. Standard of Review

     The court reviews motions for summary judgment 
de
 
novo
.  
Chubb Insurance Co. v. DeChambre
, 349 Ill. App. 3d 56, 59, 808 N.E.2d 37 (2004).  

II. Applicable Summary Judgment Principles

          Summary judgment is proper if, and only if, the pleadings, depositions, admissions, affidavits and other relevant matters on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  
DeChambre
, 349 Ill. App. 3d at 59.  A triable issue precluding summary judgment exists where material facts are disputed or where reasonable persons might draw different inferences from undisputed facts.  
DeChambre
, 349 Ill. App. 3d at 59.  

     By filing cross-motions for summary judgment, the parties invite the court to determine the issues as a matter of law and enter judgment in favor of one of the parties.  
Wolfram Partnership, Ltd. v. LaSalle National Bank
, 328 Ill. App. 3d 207, 765 N.E.2d 1012 (2001).  Summary judgment should only be allowed when the right of the moving party is clear and free from doubt.  
Elliott v. Williams
, 347 Ill. App. 3d 109, 112, 807 N.E.2d 506 (2004).  

III. Discussion

     The respondent contends that he is entitled to postjudgment interest on the award of $195,720 from the date of its original entry on December 29, 1998.  Section 2-1303 of the Code provides in pertinent part as follows:

     "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***.  When judgment is entered on any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment.  Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time.  The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment."  735 ILCS 5/2-1303 (West 2002). 

     It is well settled that postjudgment interest is properly allowed on arbitration awards as well as on judgments.  
Edward Electric Co. v. Automation, Inc.
, 229 Ill. App. 3d 89, 106, 593 N.E.2d 833 (1992).  However, our courts disagree as to whether an award of postjudgment interest is mandatory in chancery cases.  See 
Contract Development Corp. v. Beck
, 255 Ill. App. 3d 660, 672-73, 627 N.E.2d 760 (1994) (Appellate Court, Second District, recognized conflicting authorities but concluded that postjudgment interest on an arbitration award was mandatory).
(footnote: 1) 

     This court has held that the decision to allow statutory interest in chancery matters lies within the sound discretion of the trial court.  
Hadley Gear Manufacturing Co. v. Zmigrocki
, 152 Ill. App. 3d 358, 502 N.E.2d 6 (1986) (arbitration award); see 
Jahn v. Kinderman
, 351 Ill. App. 3d 15, 814 N.E.2d 116 (2004) (holding that postjudgment interest was not mandatory in a shareholder suit, relying on 
Hadley Gear Manufacturing Co.
; but see 
Cerajewski v. Kunkle
, 285 Ill. App. 3d 222, 674 N.E.2d 57 (1996) (this court, noting the cases holding that postjudgment interest was mandatory, found that the plaintiffs were entitled to postjudgment interest on arbitration award).  Nonetheless, even if we were to conclude that the award of postjudgment interest was mandatory on an arbitration award, the respondent was not entitled to postjudgment interest from December 24, 1998.       The entire arbitration award in this case, including the $195,720, was vacated by this court.   
7-Eleven, Inc.
, 325 Ill. App. 3d at 410-11.  To "vacate" is defined as "[t]o nullify or cancel; make void; invalidate."  Black's Law Dictionary 1536 (7th ed. 1999).  The effect of a vacated order is that of a void order.  
Kelch v. Watson
, 237 Ill. App. 3d 875, 604 N.E.2d 971 (1992).  The substantive effect of our order vacating the entire arbitration award was to restore the parties to their original status in the case, 
i.e.
, as though the arbitration award had never been entered.  See 
Kelch
, 237 Ill. App. 3d at 877 (order vacating inadvertent dismissal of the complaint did not render the subsequent refiling of the complaint after voluntary dismissal improper).  

     The cases relied on by the respondent are distinguishable as none involved the vacation of an award or judgment.  Compare 
Kramer v. Mt. Carmel Shelter Care Facility, Inc.
, 322 Ill. App. 3d 389, 750 N.E.2d 757 (2001) (judgments on which postjudgment interest accrued had been affirmed); 
Phelps v. O'Malley
, 187 Ill. App. 3d 150, 543 N.E.2d 311 (1989) (the plaintiff entitled to statutory interest from the date of the judgment where appellate court upheld finding of breach of contract but lowered the damages award); 
Toro Petroleum Corp. v. Newell
, 33 Ill. App. 3d 223, 338 N.E.2d 491 (1974) (where the appellate court reversed the damage award and ordered the trial court to enter an increased award, interest accrued on the lesser award until it was reversed and then on the greater award from the date of the appellate court's reversal). 

     
Edward Electric Co.
 is also distinguishable because the appellate court did not vacate the entire arbitration award as was the case here.  
Edward Electric Co.
, 229 Ill. App. 3d at 105 (punitive damages award was not dependent on any other part of the award and therefore could be vacated without affecting the remainder of the award).  In the present case, the arbitrator's failure to resolve all of the claims required that the entire award be vacated.  See 
7-Eleven, Inc.
, 325 Ill. App. 3d at 409-10.  

     The decision in 
Browning, Ektelon Division v. Williams
, 348 Ill. App. 3d 830, 807 N.E.2d 984 (2004), does not require a different result.  There, a judgment for $35 million was not appealed but was later vacated pursuant to a section 2-1401 petition (735 ILCS 5/2-1401 (West 2002)).  After the judgment was reinstated on appeal, the circuit court awarded postjudgment interest running from the date of the original judgment.  In upholding the circuit court's postjudgment interest award, this court noted that the section 2-1401 petition commenced a new cause of action; it was not a continuation of the proceeding in which the original judgement was entered.  

     In this case, no new cause of action was commenced, and the arbitration award was neither affirmed on appeal, nor did it become final for lack of an appeal.  See 
Browning, Ektelon Division
, 348 Ill. App. 3d at 833 (circuit court's determination not final until either time to appeal has expired or court of review has rendered a decision).  Instead, this court vacated the entire award prior to it becoming final.  As a result, the respondent was without an award of damages until the issuance of the arbitrator's modified final award.  Therefore, the respondent was not entitled to an award of postjudgment interest from December 24, 1998.

     Finally, we note that, in addition to the issue of postjudgment interest, the respondent also sought summary judgment on the issue of the confirmation of the arbitrator's modified final award.  The circuit court's order did not address the respondent's request for confirmation of the award.  However, in denying the respondent's motion for summary judgment, the circuit court implicitly denied his request to confirm the award.       The Uniform Arbitration Act requires that where an application to vacate has been denied and no motion to modify or correct the award is pending, the court shall confirm the award.  710 ILCS 5/12(d) (West 2002).  We disagree with the petitioner that the respondent's request for postjudgment interest was actually an attempt to vacate the arbitrator's modified award rather than to confirm the award.  However, the payment of the judgment in this case, coupled with our determination that the respondent is not entitled to postjudgment interest from December 24, 1998, renders the confirmation issue moot.  See 
In re Marriage of Peters-Farrell
, 216 Ill. 2d 287, 291, 835 N.E.2d 797 (2005) (an appeal is moot "if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief"). 

     The judgment of the circuit court is affirmed.

     Affirmed.

     WOLFSON and SOUTH, JJ., concur.

     

     

     

 

FOOTNOTES
1:
See also 
Robertson-Ceco Corp. v. National Union Fire Insurance Co. of Pittsburgh
, 292 F. Supp. 2d 1082 (N.D. Ill. 2003) 
(postjudgment interest was mandatory on arbitration awards under Illinois law
).