No. 1-09-3061

SECOND DIVISION
JANUARY 18, 2011

| | | |
|---|---|---|
| UNITED AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) ) | Cook County |
| v. | ) ) | No. 07 CH 14380 |
| SIDNEY WILSON and WOODROW WILSON, | ) ) ) | Honorable Daniel A. Riley, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Karnezis concur in the judgment and opinion.

## OPINION

This appeal arises from plaintiff United Automobile Insurance Company's attempt to vacate an arbitration award that was entered in favor of defendants Sidney Wilson and Woodrow Wilson. The circuit court granted defendants' motion to dismiss plaintiff's complaint pursuant to section 2-619(a) of the Code of Civil Procedure (735 ILCS 5/2-619(a) (West 2008)). We affirm.

## BACKGROUND

Defendants were involved in a hit-and-run car accident on February 2, 2004, and they subsequently filed a claim under the uninsured motorist provision of their auto insurance policy, which had been issued by plaintiff. However, the vehicle was later stolen before plaintiff could inspect it for purposes of evaluating the claim. Although the vehicle was later recovered, it was junked prior to being inspected.

On January 27, 2005, plaintiff filed a declaratory judgment action in the circuit court of Cook County, which asked the circuit court to find that defendants' claim was not covered under the policy and that the policy was void due to defendants' alleged spoliation of evidence. However, the insurance

1

policy contained an arbitration provision, as required by section 143a(1) of the Illinois Insurance Code (215 ILCS 5/143a(1) (West 2002)). Plaintiff moved to stay arbitration pending resolution of the declaratory judgment action. The circuit court denied plaintiff's motion to stay and ordered that the parties proceed to arbitration on all issues, notably including the issue of coverage.

Plaintiff appealed the trial court's order declining to stay arbitration, and we reversed. See *United Automobile Insurance Co. v. Wilson*, No. 1-05-0372 (Mar. 16, 2005) (unpublished order under Supreme Court Rule 23). We found that the circuit court had erred by ordering the parties into arbitration before deciding whether the policy covered the 2004 accident. We noted that this issue is controlled by *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533 (1992), which held that arbitration under section 143a(1) is limited to only "disputes concerning covered claims, once coverage was established." *Id.* at 541. Under *Yapejian*, whether or not coverage exists is an issue for the circuit court to determine. Once the circuit court finds that a particular claim is covered, section 143a(1) mandates that any disputes over that claim be arbitrated. We consequently reversed and remanded "with instructions to stay arbitration pending resolution of the coverage issues by the trial court." *United Automobile Insurance Co*., slip op. at 4.

Plaintiff did not move for a stay of the arbitration during the appeal, and while the appeal was pending the arbitration had commenced. The arbitrator heard evidence on all issues, including coverage, but the arbitrator had not issued a ruling by the time we resolved the appeal. After receiving our mandate, the circuit court stayed arbitration and proceeded to a bench trial on the coverage issue.

On February 1, 2007, the circuit court issued a written memorandum opinion and order. The circuit court found that no spoliation of evidence had occurred and that the uninsured motorist provision of the insurance policy covered the 2004 accident. Having found that coverage existed, the circuit court compelled arbitration on the remaining disputes. Plaintiff appealed the circuit court's

No. 1-09-3061

ruling, and we affirmed. See *United Automobile Insurance Co. v. Wilson*, No. 1-07-0424 (Sept. 4, 2007) (unpublished order under Supreme Court Rule 23).

However, plaintiff again did not obtain a stay of arbitration pending appeal, so arbitration resumed after trial. On May 24, 2007, the arbitrator issued an award in favor of defendants in the amount of $11,000 to Woodrow Wilson and $9,000 to Sidney Wilson. Six days later, on May 30, 2007, plaintiff filed the instant declaratory judgment action in the circuit court of Cook County seeking to vacate the arbitration award. Defendants filed a motion to dismiss the complaint, which was granted on October 13, 2009. The circuit court subsequently confirmed the arbitration award and entered judgment in favor of defendants on October 29, 2009. Plaintiff timely appealed, and this case is now before us for the third time.

ANALYSIS

Plaintiff's brief on appeal leaves a great deal to be desired in terms of clarity of argument and legal support. Despite the brief's convoluted drafting and sparse legal citation, we perceive that plaintiff's primary argument is that the arbitration award is void because arbitration commenced before the circuit court determined the issue of coverage.

We review an order of dismissal under section 2-619(a) of the Code of Civil Procedure *de novo*, accepting as true all well-pled facts contained in the complaint and in any uncontradicted affidavits attached to the motion. See *Coady v. Harpo, Inc.*, 308 Ill. App. 3d 153, 158-59 (1999). The question on review is " ' whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 110 (1999) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)).

Judicial review of a binding arbitration award is more limited than review of a decision of the

3

trial court (*Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 394 (1991)), and we will construe an award so as to uphold it whenever possible (*Garver v. Ferguson*, 76 Ill. 2d 1, 10 (1979)).  Under section 143a of the Illinois Insurance Code, "[a]ny decision made by the arbitrators shall be binding for the amount of damages not exceeding $50,000 for bodily injury to or death of any one person, $100,000 for bodily injury to or death of 2 or more persons in any one motor vehicle accident, or the corresponding policy limits for bodily injury or death, whichever is less."  215 ILCS 5/143a (West 2008).  A binding arbitration award under section 143a is subject to only limited judicial review under section 12 of the Uniform Arbitration Act (710 ILCS 5/12 (West 2008)).  See *Reed v. Farmers Insurance Group*, 188 Ill. 2d 168, 172 (1999).

Because the total arbitration award in favor of both defendants was only $20,000, it is binding and subject to only limited judicial review.  Under the Uniform Arbitration Act, a binding award may only be vacated where

"(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [(710 ILCS 5/5 (West 2008))], as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 [(710 ILCS 5/2 (West 2008))] and the party did not participate in the arbitration hearing without raising the objection; but

the fact that the relief was such that it could not or would not be granted by the circuit court is not ground for vacating or refusing to confirm the award." 710 ILCS 5/12 (West 2008)

Illinois case law has also established that an award may be vacated "if it results in the contravention of a paramount consideration of public policy [citation], where a gross error of law or fact appears on the face of the award [citation], or where the award fails to dispose of all matters properly submitted to the arbitrators [citation]." *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 98 (1992).

In its brief on appeal plaintiff repeatedly asserts that the award was "void *ab initio*" because arbitration proceedings commenced before the circuit court determined the coverage issue. It appears that plaintiff intends to base its argument on section 12(a)(3) of the Uniform Arbitration Act (710 ILCS 5/12(a)(3) (West 2008)), on the ground that the arbitrator exceeded his authority by hearing evidence before coverage was determined by the circuit court.

We presume that arbitrators act within their authority, and the scope of an arbitrator's powers is expressed by the arbitration agreement. See *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377 (1991). However, plaintiff does not appear to have included a copy of the insurance policy or relevant arbitration clause in the record, nor has plaintiff directed our attention to where it might be found if it exists. It is the appellant's burden to provide a complete record for the appeal. See *Altaf v. Hanover Square Condominium Ass'n No. 1*, 188 Ill. App. 3d 533, 539 (1989); see also *Mielke v. Condell Memorial Hospital*, 124 Ill. App. 3d 42, 48-49 (1984) (noting that we are "not obligated to search the record for evidence supporting reversal of the trial court"); Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Absent a complete record, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Because the arbitration agreement does not appear to be part of the record, we must presume that the arbitrator

acted within the scope of his powers when issuing the award.

To the extent that plaintiff asserts that our reversal of the circuit court's arbitration order voided all later arbitration proceedings and any award based on them, we reject this contention. Our mandate to the circuit court in that order was "to *stay* arbitration pending resolution of the coverage issues by the trial court." (Emphasis added.) *United Automobile Insurance Co. v. Wilson*, No. 1-05-0372, slip op. at 4 (Mar. 16, 2005) (unpublished order under Supreme Court Rule 23). We did not vacate any portion of the arbitration proceedings that had occurred prior to that point, but rather ordered that the proceedings be stayed until the coverage issue had been resolved. A stay does not vacate anything, but it is instead only the "postponement or halting of a proceeding, judgment, or the like." Black's Law Dictionary 1425 (7th ed. 1999); *cf. 7-Eleven, Inc. v. Dar*, 363 Ill. App. 3d 41, 45 (2005) ("The substantive effect of our order vacating the entire arbitration award was to restore the parties to their original status in the case, *i.e.*, as though the arbitration award had never been entered."). Plaintiff misreads the plain meaning of our order, and its reliance on that decision in support of vacating the arbitration award is misplaced.

Moreover, the only case that plaintiff cites in support of this argument is *Yapejian*, which held merely that the issue of coverage is not subject to arbitration. See *Yapejian*, 152 Ill. 2d at 541. *Yapejian* did not hold that arbitration proceedings may not begin before the coverage issue is determined. Regardless of whether the arbitrator may have heard evidence on the coverage issue, the record is clear that he did not decide whether coverage existed. *Yapejian* consequently has no bearing on the question of whether the award should be vacated.

There is no indication in the record before us that the arbitrator exceeded his authority, and therefore any argument that the award should be vacated on that ground fails. Plaintiff does not raise on appeal any additional basis to vacate the award, and we therefore affirm the orders of the circuit

6

court dismissing the complaint and confirming the arbitration award.

We note that plaintiff asks in its brief that if we find that the award should be vacated, then we should order that the arbitrator be replaced on remand due to alleged bias against plaintiff. Because plaintiff has not raised this issue as a reason to vacate the award and we find that the award should be confirmed, we do not reach this argument. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

CONCLUSION

For the foregoing reasons, the judgment of the circuit court dismissing the complaint and confirming the arbitration award is affirmed.

Affirmed.